

*Phone:*  (212) 885-5270
*Fax:*    (917) 332-3795
*Email:*  TBelknap@BlankRome.com

November 24, 2014

**BY E-MAIL**

Honorable William H. Pauley III
United States Courthouse
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re: *Clearlake Shipping Pte Ltd v. O.W Bunker (Switzerland) SA et al.*, 14-cv-9287 (WHP)
> Our Ref: 141535-06502

Dear Judge Pauley:

We represent defendant NuStar Energy Services Inc. in the above-referenced interpleader action commenced last Friday November 21, 2014 by plaintiff Clearlake Shipping Pte. Ltd. We write to request an emergency court conference tomorrow, November 25, 2014, or Wednesday morning, November 26, to address certain urgent issues raised by this Court's November 21 *ex parte* order granting an injunction against seeking the maritime arrest of plaintiff's vessels in respect of the claims which are the subject of this interpleader (copy attached), which potentially prejudices NuStar's *in rem* maritime lien rights against one of plaintiff's vessels which is scheduled to call at Houston on Wednesday, November 26, 2014.

We provide a brief background. As is alleged in plaintiff's interpleader complaint, NuStar was the physical supplier of certain bunkers (fuel) to two of plaintiff's vessels, the M/V VENUS GLORY and the M/V HELLAS GLORY. The bunkers were supplied at the direction of defendant OW Bunker USA Inc., acting as agent for the vessel. OW Bunker has subsequently commenced Chapter 11 bankruptcy proceedings in the District of Connecticut. Neither OW nor NuStar has received payment in respect of the bunkers.

The M/V VENUS GLORY is scheduled to call at Houston, Texas on Wednesday November 26, 2014. Accordingly, NuStar commenced suit in the Southern District of Texas on

405 Lexington Avenue New York, NY  10174-0208

www.BlankRome.com

Boca Raton • Cincinnati • Houston • Los Angeles • New York • Philadelphia • Princeton • San Francisco • Shanghai • Tampa • Washington • Wilmington

900200.00001/7462018v.1



November 24, 2014
Page 2

Friday November 21, 2014 (complaint filed at 10:07 a.m. CST – *before* the complaint was filed in this action), seeking a writ of maritime arrest pursuant to Rule C of the Supplemental Admiralty Rules to the Federal Rules of Civil Procedure.  The Texas Court issued its order authorizing the arrest on November 21, 2014 (copy attached).  NuStar was in the meantime made aware of this Court's injunction order which bars arrest of the vessel, ostensibly in consideration for plaintiff's deposit of the full amount of the outstanding claim in this Court's registry.

      While it is obviously a welcome development that plaintiff has conceded its liability for the amounts due under these bunker invoices, however, this Court's injunction poses a potential issue for NuStar in that it leaves its *in rem* claim unperfected where NuStar would otherwise be able to arrest the vessel and/or obtain security from plaintiff which would stand as a substitute for the *res*.  This may be particularly critical in the event other parties seek to claim a competing interest to the funds being deposited with the Court, because NuStar's maritime lien gives it a priority interest over any unsecured claim against the *res*.

      In the circumstances, NuStar respectfully requests the Court schedule a conference as the earliest possibly opportunity to address how its *in rem* rights in the vessel and/or interpleaded funds can be adequately protected.

      Respectfully submitted,

      */S/ Thomas H. Belknap, Jr.*

Attachments

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLEARLAKE SHIPPING PTE LTD,

           Plaintiff,

- against -

O.W. BUNKER (SWITZERLAND) SA,
O.W. BUNKER USA INC., O.W. BUNKER
NORTH AMERICA INC., O.W. BUNKER
HOLDING NORTH AMERICA INC.,
NUSTAR ENERGY SERVICES INC., ING
BANK N.V.

           Defendants.

---

14 CV 9287

14 Civ. _____ ( )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/21/14

## [PROPOSED] ORDER

This matter comes before the Court on Plaintiff's *Ex Parte* Motion for Restraining Order pursuant to 28 U.S.C. § 2361 of the Federal Interpleader Act filed by Plaintiff Clearlake Shipping Pte Ltd ("Clearlake"). Upon consideration of the Motion for Restraining Order, the accompanying Memorandum of Law, and the documents filed in this action, and:

WHEREAS Plaintiff has established the procedural prerequisites of 28 U.S.C. § 1335 in that 1) the funds in the Plaintiff's custody exceeds $500; 2) minimal diversity exists among the claimants; and 3) the Court has granted Plaintiff's motion to deposit the funds into the Court's registry; and

WHEREAS Plaintiff has demonstrated that a restraining order is justified to protect Clearlake from multiple litigation against it and against its vessels Venus Glory and Hellas Glory *in rem*; it is hereby

ORDERED that the claimants in this action are restrained and enjoined from instituting or prosecuting any proceeding in any state court, or in any United State District Court, affecting the

property and res involved in this action of interpleader, including but not limited to the arrest of the subject vessels Venus Glory and Hellas Glory pursuant to Supplemental Admiralty Rule C to enforce claimants' maritime lien claims until the further order of the court; and it is further

ORDERED that Plaintiff shall serve a copy of this Order along with the Summons and Complaint in this action on each defendant; and it is further

ORDERED that if Plaintiff learns of any other claimant who intends to assert a claim related to the subject matter of this action, then Plaintiff will promptly serve a copy of this Order (and related papers) on such claimant who then will be bound thereby; and it is further

ORDERED that Plaintiff shall provide notice of this Order by email where possible and such notice shall be deemed good and sufficient; and it is further

ORDERED that upon service of this Order and the Summons and Complaint on any claimant, any claimant may, upon proper motion, request that this Order be set aside.

SO ORDERED, this **21** day of November, 2014.

_____ 11/21/14
United State District Judge, S.D.N.Y.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NUSTAR ENERGY SERVICES, INC., | § § | |
| Plaintiff, | § § | Civil Action No. 4:14-CV 3348 |
| v. | § § | Filed under Rule 9(h) Fed. R. Civ. P. |
| M/V VENUS GLORY, IMO NO. 9393682, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, | § § § § | (ADMIRALTY) |
| Defendant. | § § § | |

## ORDER AUTHORIZING THE ISSUANCE OF WARRANT OF ARREST

ON THIS DAY, the Court considered the Motion for Issuance of Warrant of Arrest filed by Plaintiff NuStar Energy Services, Inc. The Court, having reviewed the pleadings, is of the opinion that the relief sought is proper and it is therefore

It is therefore **ORDERED, ADJUDGED** and **DECREED** that a Warrant of Arrest be issued against the M/V VENUS GLORY, IMO No. 9393682, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. ("Vessel"); and

**IT IS FURTHER ORDERED** that the United States Marshal Service for the Southern District of Texas seize the Vessel, serve a copy of this Order, the Original Verified Complaint with the said Warrant of Arrest, and the "Summons in a Civil Action" on the person in charge of the Vessel or her agent, and return the warrant promptly; and

**IT IS FURTHER ORDERED** that the U.S. Marshal is authorized to allow, at the risk and expense of the Vessel's owners, to continue any normal operations, including the conduct of

repair works, cargo or passenger operations, and shifting to another berth or anchorage area, but always within the Southern District of Texas and subject to the Court's jurisdiction; and

**IT IS FURTHER ORDERED** that the Vessel may be released from seizure without further order of this Court if the Marshal receives written authorization from the attorney who requested the seizure, and that such attorney advises that he has conferred with all counsel representing all of the parties to the litigation and they consent to the release, if the attorney files the consent and the Court has not entered an Order to the contrary.

SIGNED at Houston this 21st day of November, 2014.

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE