```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #:_____       │
-------------------------------------------------X  │ DATE FILED: 8/18/2016       │
CLEARLAKE SHIPPING PTE LTD,                      :  └─────────────────────────────┘
                                                 :
                        Plaintiff,               :
                                                 :
        -against-                                :       14-CV-9287  (VEC)
                                                 :
O.W. BUNKER (SWITZERLAND) SA, O.W.               :
BUNKER USA INC., O.W. BUNKER NORTH               :
AMERICA INC., O.W. BUNKER HOLDING                :
NORTH AMERICA INC., NUSTAR ENERGY                :
SERVICES INC., ING BANK N.V.,                    :
                                                 :
                        Defendants.              :
-------------------------------------------------X
BONNY GAS TRANSPORT LIMITED, as owner            :
of the LNG FINIMA (IMO No. 7702401),             :
                                                 :
                        Plaintiff,               :
                                                 :       14-CV-9542  (VEC)
        -against-                                :
                                                 :
O.W. BUNKER GERMANY GMBH, NUSTAR                 :
TERMINALS MARINE SERVICES N.V.,                  :
NUSTAR ENERGY SERVICES, INC., ING                :
BANK N.V.,                                       :
                                                 :
                        Defendants.              :
-------------------------------------------------X
SHV GAS SUPPLY & RISK MANAGEMENT                 :
SAS AND EXMAR SHIPPING BVBA,                     :
as owner of the WAREGEM (IMO No. 9659127),       :
                                                 :
                        Plaintiffs,              :
                                                 :
        -against-                                :       14-CV-9720  (VEC)
                                                 :
O.W. BUNKER USA, INC., O.W. BUNKER               :
HOLDING NORTH AMERICA INC., O.W.                 :
BUNKER NORTH AMERICA INC., NUSTAR                :
ENERGY SERVICES, INC., ING BANK N.V.,            :
                                                 :
                        Defendants.              :
-------------------------------------------------X
```

```
------------------------------------------------------------X
NIPPON KAISHA LINE LIMITED, individually    :
and on behalf of M/V RIGEL LEADER (IMO      :
No.9604940),                                :
                                            :
                          Plaintiff,        :
                                            :
              -against-                     :        14-CV-10091 (VEC)
                                            :
O.W. BUNKER USA INC., NUSTAR ENERGY         :
SERVICES, INC., KIRBY INLAND MARINE LP,:
ING BANK N.V.,                              :
                                            :
                          Defendants.       :
------------------------------------------------------------X
```

ORDER

VALERIE CAPRONI, United States District Judge:

The above-captioned related interpleader actions all arise out of fuel bunker transactions that Plaintiffs entered into directly or indirectly with one or more O.W. Bunker entities prior to the November 7, 2014 bankruptcy filing of the O.W. Bunker parent company, O.W. Bunker & Trading A/S.  Amidst the ensuing bankruptcy filings by various O.W. Bunker subsidiaries and affiliates around the world, Defendant ING Bank N.V. ("ING"), as the purported assignee of the O.W. Bunker entities' contract rights, asserted demands for payments owed by Plaintiffs to the O.W. Bunker entities for the previously-supplied fuel bunkers.  Facing competing demands from ING, the physical fuel suppliers, and in some cases the O.W. Bunker entities themselves, Plaintiffs filed these interpleader actions in order to avoid multiple liability based on a single shipment of fuel.

On December 23, 2015, Defendants Nustar Energy Services, Inc. and NuStar Terminals Marine Services, N.C. (together "NuStar"), claimants in the above-captioned cases, filed amended cross-claims asserting substantially identical claims against ING for unjust enrichment

(the "Cross-Claims").[1]  *See* Paulsen Decl. Exs. 1-4.  ING has moved to dismiss the Cross-Claims pursuant to Fed. R. Civ. P. 12(b)(6).

Excluding all cases that have already been dismissed, there are approximately twenty-six related interpleader actions still pending before the Undersigned.  After consulting with and receiving input from all parties involved in the related interpleader actions, on April 6, 2016, the Court selected four "test cases" for purposes of briefing summary judgment and discharge motions.  Two of the above-captioned actions, 14-CV-9287 and 14-CV-10091, were selected as test cases based on the parties' recommendations.  Briefing on summary judgment and discharge motions in the test cases was completed on July 22, 2016, but the Court has yet to issue any decision on those motions.

## DISCUSSION

In its Cross-Claims for unjust enrichment, NuStar states that "in the unlikely event that ING Bank prevailed on its claims herein, NuStar asserts that it possesses a claim against ING . . . for unjust enrichment."  *See, e.g.*, Paulsen Decl. Ex. 1 at 4, Feb. 12, 2016, 14-CV-9287, Dkt. 141.  As the physical fuel supplier, NuStar argues that, pursuant to the relevant contracts, the O.W. Bunker entities only expected to net a small margin of the total transaction amount billed to Plaintiffs, reflecting their role as the "middleman," whereas NuStar expected to receive full compensation from the O.W. entities in exchange for its provision of shipping fuel.  NuStar Opp. at 3, 14-CV-9287, Dkt. 145.  In NuStar's view, allowing ING to collect anything more than the

---

[1]      In *Bonny Gas Transport Limited v. O.W. Bunker Germany GmbH et al.*, 14-cv-9542 (VEC), NuStar also asserted a claim for unjust enrichment against Defendant O.W. Bunker Germany GmbH ("O.W. Germany").  Dkt. 104.  O.W. Germany has moved to dismiss NuStar's cross-claims, Dkt. 113, but briefing on that motion has been stayed in connection with O.W. Germany's Chapter 15 bankruptcy proceeding now pending in the United States Bankruptcy Court for the Southern District of New York, *In re O.W. Bunker Germany GmbH*, No. 15-13018 (Bernstein, J.).  *See* Notice Regarding O.W. Germany's January 13, 2016 Chapter 15 Recognition in the United States District Court for the Southern District of New York, and NuStar's Reservation of Rights to File Opposition to O.W. Germany's 12(b)(6) Motion to Dismiss Nustar's Cross-Claim, Jan. 15, 2016, Dkt. 116.

O.W. Bunker entities' expected margin payment—representing the delta between the amount that the O.W. Bunker entities invoiced Plaintiffs and the amount NuStar charged the O.W. Bunker entities (which the O.W. Bunker entities never paid)—would result in an "astronomical windfall" to ING.  *Id.* at 7.

In its motions to dismiss, ING seeks dismissal of NuStar's Cross-Claims for unjust enrichment on the merits.  ING argues that NuStar fails to establish the required element of "fraud, duress, or the taking of an undue advantage" and further fails to allege that ING will be enriched, or will otherwise receive a "windfall," by seeking to recover, through these and other actions, the $648 million in credit that ING extended to the O.W. Bunker group.  ING also argues that NuStar's Cross-Claims are barred by NuStar's fuel supply contracts with the relevant O.W. Bunker entities.

Without addressing the merits, the Court finds that, because it intends to issue decisions in the test cases that could render the Cross-Claims and motions moot, the motions are, at this point, merely hypothetical and therefore subject to dismissal without prejudice for lack of ripeness.  "A claim is not ripe if it depends upon contingent future events that may or may not occur as anticipated, or indeed may not occur at all. . . . The doctrine's major purpose is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements."  *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013)) (quotation marks and citations omitted).  Here, by their terms, the Cross-Claims are contingent upon what the proponent of the Cross-Claims characterizes as an "unlikely event."  *See, e.g.*, Paulsen Decl. Ex. 1 at 4.  If Nu-Star is correct and the "unlikely event" fails to materialize, NuStar's Cross-Claims will be moot.  Moreover, even if the Court rules in ING's favor, NuStar's Cross-Claims will still be moot if the Court limits ING's recovery from the deposited stake to O.W.'s expected margin payment.  Thus, only if the "unlikely event" occurs

will NuStar have a justiciable claim. *See Walsh*, 714 F.3d at 687 ("To be justiciable, a cause of action must be ripe—it must present a real, substantial controversy, not a mere hypothetical question." (interal quotations and citation omitted)).

Because the issues presented in the motions are not yet ripe and even the proponent characterizes them as unlikely to occur, and because the purpose of the test cases was to conserve judicial resources and minimize costs for all parties involved in the related interpleader actions, the Court finds that denial of ING's motions without prejudice is appropriate. *See Cooke v. Gen. Dynamics Corp.*, No. 3:95 CV 170(WWE), 1998 WL 696013, at *1 (D. Conn. Sept. 11, 1998) (denying motion for summary judgment without prejudice to renew at a more appropriate time); *cf. Sirob Imports, Inc. v. Peerless Ins. Co.,* 958 F. Supp. 2d 384, 390 (E.D.N.Y. 2013), *aff'd*, 558 F. App'x 32 (2d Cir. 2014) ("dismissal without prejudice is the proper disposition in the ripeness context" (alterations omitted)).  In the event the Court rules in ING's favor in the test cases (14-CV-9287 and 14-CV-10091) and grants ING recovery of more than O.W.'s expected margin on the bunker deliveries at issue or thereafter enters a similar ruling in ING's favor in 14-CV-9542 or 14-CV-9720, such that the Cross-Claims present a real controversy, NuStar may, within 10 days of the Court's decision in any particular case, submit a letter requesting a briefing schedule to address its Cross-Claims.

The Clerk of Court is respectfully requested to close the open motions in the following cases: (1) in 14-CV-9287, docket entry 139; (2) in 14-CV-9542, docket entry 125; (3) in 14-CV-9720, docket entry 152; and (4) in 14-CV-10091, docket entry 106.

**SO ORDERED.**

Date:  August 18, 2016  
      New York, New York

_____  
**VALERIE CAPRONI**  
**United States District Judge**