USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/11/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLEARLAKE SHIPPING PTE LTD,

          Plaintiff,

- against -

O.W. BUNKER (SWITZERLAND) SA, O.W. BUNKER USA INC., O.W. BUNKER NORTH AMERICA INC., O.W. BUNKER HOLDING NORTH AMERICA INC., NUSTAR ENERGY SERVICES INC., ING BANK N.V.

          Defendants.

Case No. 14 Civ. 9287 (VEC)

### STIPULATION AND ORDER FOR FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE

COME NOW Defendants NuStar Energy Services Inc. ("NuStar") and ING Bank N.V., as Security Agent under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement, dated as of December 19, 2013 and the related English Omnibus Security Agreement, dated as of December 19, 2013, each between ING Bank and Defendant O.W. Bunker & Trading A/S and certain of its affiliates ("ING"), filing their Stipulation and [Proposed] Order for Final Judgment and Dismissal With Prejudice, and would respectfully show as follows:

WHEREAS, on November 21, 2014, Clearlake Shipping Pte Ltd. ("Clearlake") filed a complaint for interpleader against ING, a series of O.W. Bunker entities, and NuStar with respect to the October 2014 fuel supplies to the VENUS GLORY and HELLAS GLORY (the "Vessels"), and deposited $1,308,597.10 into the District Court's registry as security. *See* Docs. 1, 13;

WHEREAS, pursuant to a November 26, 2014 escrow agreement between Clearlake and NuStar, the interpleader funds were returned to Clearlake's counsel of record, Holland & Knight LLP, and deposited into an escrow account maintained by NuStar's counsel (Doc. 16; Doc. 17; Doc. 20, Ex. F (Escrow Agreement)), but later returned to the Court with additional interest given the continued pendency of this action. *See* Docs. 97-98;

WHEREAS, on December 12, 2014, NuStar asserted *in rem* maritime lien claims against the Vessels under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 *et seq.* ("CIMLA"). *See* Doc. 20;

WHEREAS, ING answered Clearlake's Complaint on March 9, 2015, as amended on December 8, 2015, and asserted, among other things, a counterclaim against Clearlake and crossclaims against NuStar and the stake, as assignee of O.W. Bunker (Switzerland) S.A.'s ("O.W. Switzerland") rights in respect of the fuel deliveries to the Vessels. *See* Docs. 47, 125;

WHEREAS, on January 9, 2017, on motions for summary judgment by NuStar and ING, this Court found that O.W. Switzerland possessed maritime liens against the Vessels, and that NuStar did not. *See* Doc. 218, as amended on March 3, 2017 (Doc. 230) and March 22, 2017 (Doc. 235);

WHEREAS, on March 3, 2017, this Court granted Clearlake's motion for discharge after finding that the funds on deposit in the Court's registry were sufficient to satisfy the stake in this matter, and subsequently discharged Clearlake from any liability to ING and NuStar with respect to the fuel deliveries at issue in this action, and subsequently dismissed Clearlake with prejudice;

WHEREAS, on April 18, 2017, this Court entered partial final judgment dismissing NuStar's lien claims. Doc. 238;

WHEREAS, on December 19, 2018, the Second Circuit affirmed this Court's decision dismissing NuStar's lien claims. *See Clearlake Shipping PTE Ltd. v. Nustar Energy Servs.*, 911 F.3d 646 (2d Cir. 2018);

WHEREAS, on March 18, 2019, NuStar filed a petition for a writ of certiorari with the U.S. Supreme Court, but later moved to dismiss that petition, which motion was granted on October 17, 2019. *See NuStar Energy Servs. v. ING Bank N.V.*, No. 18-1224, 2019 U.S. LEXIS 6484 (Oct. 17, 2019); and

WHEREAS, the remaining parties to this case, Defendant-claimants ING and NuStar, have executed a confidential settlement agreement; it is hereby:

STIPULATED AND AGREED, that all remaining claims asserted as between ING and NuStar are dismissed with prejudice; and it is further

STIPULATED AND AGREED, by and between the Parties hereto, that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and it is further

STIPULATED AND AGREED, that this Stipulation may be filed without further notice and, for the purposes of filing this Stipulation, this Stipulation may be executed in counterparts, which, when taken together, shall constitute the entire Agreement, and that signatures by facsimile and electronic mail should be considered by the Court the same as original signature; and it is further

STIPULATED AND AGREED that this Court reserves jurisdiction over the parties hereto and action to enforce this judgment.

Dated: New York, New York
October 31, 2019

| BLANK ROME LLP | SEWARD & KISSEL LLP |
|---|---|
| By: *(signature)* <br> Keith Bernard Letourneau <br> 717 Texas Avenue, Suite 1400 <br> Houston, TX 77002 <br> Tel: (713) 402-7650 <br> Email: kletourneau@blankrome.com <br><br> Thomas H. Belknap, Jr. <br> The Chrysler Building <br> 405 Lexington Avenue <br> New York, New York 10174-0208 <br> Tel: (212) 885-5270 <br> Email: tbelknap@blankrome.com <br><br> *Attorneys for Defendant-Claimant NuStar Energy Services, Inc.* | By: *(signature)* <br> Bruce G. Paulsen <br> Brian P. Maloney <br> One Battery Park Plaza <br> New York, New York 10004 <br> Tel: (212) 574-1200 <br> Email: paulsen@sewkis.com <br> maloney@sewkis.com <br><br> *Attorneys for Defendant-Claimant ING Bank N.V., as Security Agent* |

In addition to the foregoing, the Clerk of Court is respectfully directed to terminate all pending deadlines and motions and close this case.

**SO ORDERED:**

*(signature)*
Hon. Valerie E. Caproni
**UNITED STATES DISTRICT JUDGE**

November 11, 2019
**Dated**